15-1478-cv
Jones v. Onondaga Cnty. Res. Recovery Agency

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges*.

_____

Randolph Jones,

> *Plaintiff-Appellant*,

v.                                                                                    **15-1478-cv**

Onondaga County Resource Recovery Agency, (OCRRA) and its Fifteen Member Executive Board,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                     RANDOLPH JONES, pro se, Syracuse, N.Y.

**FOR DEFENDANTS-APPELLEES:**  TED HENRY WILLIAMS, Esq., Harris Beach PLLC, Syracuse, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Randolph Jones, proceeding pro se, appeals the magistrate judge's grant of summary judgment in favor of his employer, Onondaga County Resource Recovery Agency ("OCRRA"), on his claims of disparate treatment, failure to promote, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. §§ 1981, and the court's dismissal of his claim under 42 U.S.C. § 1983.   Jones' claims arise primarily from the OCRRA's selection of Ron Boardway, a more senior white employee, for a plant-operator training program. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the magistrate judge's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79–80 (2d Cir. 2009).   We review a district court's grant of a motion to dismiss *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true,

and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

We conclude that the magistrate judge correctly granted summary judgment on Jones's discriminatory failure to promote and disparate treatment claims. These claims, which were subject to the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), required Jones to show that (1) he was a member of a protected class; (2) he applied, and was qualified, for an open position; (3) his application was rejected; and (4) the circumstances of the rejection gave rise to an inference of discrimination. *Aulicino*, 580 F.3d at 80 (discussing prima facie elements of a discriminatory failure to hire claim); *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011) (explaining prima facie elements of a disparate treatment claim). Even assuming, as the magistrate judge did, that Jones established the prima facie elements of his claims, OCRRA articulated a non-discriminatory reason for its decision: Boardway was the most senior qualified employee. *See McDonnell Douglas Corp*, 411 U.S. at 802. Indeed, Jones admitted that Boardway had seniority. Jones failed to provide any evidence that the decision to select Boardway based on his seniority was pretext for discrimination. *See id.*

We further conclude the magistrate judge properly granted summary judgment in favor of OCRRA on Jones' retaliation claim based on his failure to show that he suffered any tangible employment consequences as a result of being reprimanded. *See Ya-Chen Chen v. City Univ. of New York,* 805 F.3d 59, 70 (2d Cir. 2015) (noting that prima facie case of retaliation requires, *inter alia*, that the plaintiff demonstrate that he suffered an adverse employment action). The court also properly determined that Jones failed to state a § 1983 claim because he did not allege facts

3

stating an equal protection violation or the existence of a policy or custom that would give rise to municipal liability.[1]  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Finally, Jones's procedural arguments are without merit.  We find no error in the magistrate judge's rulings below and, even if the court had erred, Jones has not shown that any errors affected his substantial rights.  *See* Fed. R. Civ. P. 61 (noting that courts must "disregard all errors and defects that do not affect any party's substantial rights").

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In addition, for the first time on appeal, Jones claims that OCRRA retaliated against him by citing workplace intimidation complaints against him in its pleadings during the proceedings below. OCRRA's court filings, however, do not constitute a materially adverse change in Jones's terms and conditions of employment, and thus do not support a retaliation claim as a matter of law. *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000).